Young *v.* Harry.

A plea of matters of set-off must be, under the statute, in the form of a plea of payment,—setting out, in the conclusion, the matters of set-off.

APPEAL from the *Marion* Circuit Court.

Dewey, J.—This was an action of debt by the assignee of a promissory note against the maker. The defendant below pleaded in bar, that before he had notice of the assignment

*Margin notes:*

Nov. Term, 1836.

Young
v.
Harry.

*Wednesday,*
*November* 30.

of the note, and at the time of pleading, the assignor was indebted to him in the sum of 500 dollars, (an amount greater than that of the note,) for goods, wares, and merchandise sold and delivered, and for various other matters set forth in the plea; which sum so due and owing from the assignor to the defendant, he had been and was then ready and willing to set off against the claim of the plaintiff below. To this plea the plaintiff demurred, assigning for cause of demurrer, that the plea is "anomalous, unusual, and unknown to the law of the land." Joinder in demurrer, and judgment for the plaintiff.

The question presented by this record has long since ceased to be debatable. This Court has repeatedly decided that under our practice act, a plea in nature of set-off must, in form, be a plea of payment, concluding with the special matter of set-off. The plea in question lacks the necessary form, and is bad. 1 Blackf. Rep. 188,—Ib. 367.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs. To be certified, &c.

*H. Brown* and *J. L. Ketcham*, for the appellant.

*J. Morrison*, for the appellee.